UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUL 11 2023 PM 3:49
FILED-USDC-CT-NEW HAVEN

GRAND JURY N-23-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:23CR 115 (JAM)(MEG) |
| v. | VIOLATIONS: |
| TYSHON WALKER and ELVIS PEREZ, a.k.a. "Pops" | 18 U.S.C. § 1349 (Conspiracy to Commit Bank and Wire Fraud) |
| | 18 U.S.C. § 1343 (Wire Fraud) |
| | 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft) |
| | 18 U.S.C. § 2312 (Interstate Transportation of a Stolen Motor Vehicle) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Commit Bank and Wire Fraud)
(WALKER and PEREZ)

Background Allegations

At all times relevant to this Indictment:

1. Defendants TYSHON WALKER and ELVIS PEREZ, also known as "Pops," were United States citizens and residents of Connecticut.

2. Thomas Owen ("Owen") and Mark Goff ("Goff"), each charged separately, were United States citizens and residents of Connecticut.

3. As described more fully below, WALKER, PEREZ, Owen, and Goff, among others, devised and executed a scheme and artifice to defraud several institutions whose business

activities included extending financing to buyers of both new and pre-owned vehicles in Connecticut and elsewhere. Certain of those of those institutions (collectively, the "victim financial institutions") had their deposits insured by the Federal Deposit Insurance Corporation ("FDIC") or the National Credit Union Administration ("NCUA"), including but not limited to: Eaglemark Savings Bank, a subsidiary of Harley-Davidson Financial Services, headquartered in Reno, Nevada; Performance Finance, a loan production office of Evergreen Bank Group, headquartered in Oak Brook, Illinois; and Capital One Auto Finance, a division of Capital One Financial Corp., headquartered in McLean, Virginia. Others (the "victim non-bank lenders"), including Roadrunner Financial, Inc., headquartered in New York, New York, and BCI Financial Corporation, headquartered in Cheshire, Connecticut, did not have their deposits federally insured at some or all of the relevant times.

<u>The Conspiracy and Schemes and Artifices</u>

4.  Beginning in or around September 2020 and continuing through the date of this Indictment, in the District of Connecticut and elsewhere, WALKER and PEREZ, knowingly and with the specific intent to defraud, did combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to:

   a.  execute a scheme and artifice to obtain the moneys, funds, credits, assets, and other property owned by, and under the custody and control of, the victim financial institutions by means of materially false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344(2) (the "bank fraud scheme"); and

   b.  devise a scheme and artifice to defraud the victim financial institutions, the victim non-bank lenders, related motor vehicle dealerships, and other individuals, and to

obtain money and property from those entities and individuals by means of false and fraudulent pretenses, representations, and promises and, for the purpose of executing that scheme, cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds in violation of Title 18, United States Code, Section 1343 (the "wire fraud scheme").

5. The primary purpose of the conspiracy and schemes and artifices was for WALKER, PEREZ, and their coconspirators to enrich themselves by using stolen personal identifying information to fraudulently obtain vehicle loans from victim financial institutions and victim non-bank lenders in Connecticut, New Jersey, Rhode Island, Pennsylvania, and elsewhere, in the names of the owners of the stolen personal identifying information ("the identity theft victims"). The defendants and their coconspirators then would use the vehicle loans either to purchase vehicles from associated dealerships, which they transported back to Connecticut for resale to unsuspecting buyers in exchange for cash, or to obtain cash directly from the financial institutions and non-bank lenders without actually purchasing a vehicle.

<u>Manner and Means</u>

6. The manner and means by which the defendants and their coconspirators sought to accomplish and did accomplish the purpose of the conspiracy and schemes included, among others, the following:

7. It was part of the conspiracy and schemes that WALKER and other coconspirators fraudulently obtained through various means the personal identifying information of the identity theft victims, such as names, addresses, dates of birth, and social security numbers, without the knowledge or consent of the identity theft victims.

8. It was further part of the conspiracy and schemes that once in possession of the stolen personal identifying information, WALKER and other coconspirators would use the stolen personal identifying information to make material misrepresentations to the victim financial institutions and the victim non-bank lenders. This included WALKER and other coconspirators submitting applications through the financial institutions and non-bank lenders' online portals for consumer loans, including vehicle loans available through automotive dealerships in New Jersey, Pennsylvania, Delaware, Connecticut, Rhode Island, and elsewhere, using the identity theft victims' names, addresses, social security numbers, and dates of birth in order to induce the financial institutions and non-bank lenders to make loans to persons and on terms that they otherwise would not have funded.

9. It was further part of the conspiracy and schemes that once the loan applications were submitted and pre-approved, WALKER would recruit others, including but not limited to PEREZ, Owen, and Goff, to pose as the corresponding identity theft victims. WALKER would provide each recruited coconspirator with information about the identity theft victim, including name, address, birthdate, and social security number, including through means of wire communications in interstate commerce, such as through the electronic instant messaging service Facebook Messenger and the encrypted communications application Telegram. WALKER also would provide the recruited coconspirator with a phony driver's license containing the name, address, and birthdate of the identity theft victim but with a photograph of the recruited coconspirator.

10. It was further part of the conspiracy and schemes that once a fraudulent vehicle loan was pre-approved, PEREZ, Owen, Goff, or another recruited coconspirator would travel to the financial institution, the non-bank lender, or the associated vehicle dealership and complete

4

additional loan paperwork such as credit applications, promissory notes, and security agreements, while pretending to be the identity theft victim, including by presenting the bank clerk or dealership salesperson with the phony driver's license and by forging the identity theft victim's signature on the various loan application and sale documents.

11.     It was further part of the conspiracy and schemes that, upon completing the sale of the fraudulently financed vehicle from an associated dealership utilizing the methods described above, PEREZ, Owen, Goff, or other recruited coconspirators would transport the vehicle from the dealership to WALKER in Connecticut, in exchange for payment.

12.     It was further part of the conspiracy and schemes that, in order to monetize the vehicles acquired during this scheme, WALKER and his coconspirators sometimes would sell the financed vehicles to others for cash, including over Facebook Marketplace, in the days and weeks following the fraudulent purchase.

13.     It was further part of the conspiracy and schemes that, on some occasions, coconspirators would obtain cash from a victim financial institution or non-bank lender under the false pretense of using that cash to purchase a vehicle, but instead would retain the cash. In that case, the coconspirators would, instead of purchasing a vehicle with the loan proceeds, transport the cash directly to WALKER in Connecticut in exchange for payment.

14.     Through the schemes and conspiracy, WALKER, PEREZ, and their coconspirators defrauded and attempted to defraud numerous vehicle dealerships and associated financial institutions and non-bank lenders out of hundreds of thousands of dollars in the form of vehicles and other assets, which also compromised the personal identifying information of nearly two dozen identity theft victims. For example, the conspirators obtained vehicles and money using the personal identifying information of the following identity theft victims:

### Victim W.C.

15. An individual known here by initials W.C., whose identity is known to the Grand Jury, was a resident of Orange, Connecticut.

16. On or about December 5, 2020, a coconspirator completed an online loan application with Eaglemark Savings Bank under the name, address, birthdate, and social security number of W.C., to obtain approximately $31,947.30 for the purchase of a 2020 Harley-Davidson FLTRXS Road Glide Special motorcycle from Barb's Harley-Davidson in Mount Ephraim, New Jersey ("Barb's").

17. On that same date, Owen traveled from Connecticut to Barb's in New Jersey in possession of a fraudulent driver's license containing the name, address, and birthdate of W.C., but bearing a photo of Owen, that had been provided to him by WALKER. Once at Barb's, Owen completed numerous forms using the personal identifying information of W.C., including an Eaglemark Savings Bank "Credit Application-Customer Statement" and "Promissory Note and Security Agreement." On the basis of the fraudulent information contained in those forms, and the presentation of the fraudulent driver's license, the loan was approved and Owen took custody of the motorcycle, which he transported from New Jersey to Connecticut and turned over to WALKER.

### Victim C.O.

18. An individual known here by initials C.O., whose identity is known to the Grand Jury, was a resident of Portland, Connecticut.

19. On or about November 28, 2020, a coconspirator completed an online loan application with Eaglemark Savings Bank under the name, address, birthdate, and social security number of C.O., to obtain approximately $21,974.00 for the purchase of a 2018 Harley-Davidson

FLTRXS Road Glide Special motorcycle from Russ's Ocean State Harley-Davidson Inc. in Warwick, Rhode Island ("Russ's").

20. On or about November 29, 2020, Owen traveled from Connecticut to Russ's in Rhode Island in possession of a fraudulent driver's license containing the name, address, and birthdate of C.O., but bearing a photo of Owen, that had been provided to him by WALKER. Once at Russ's, Owen completed numerous forms using the personal identifying information of C.O., including an Eaglemark Savings Bank "Credit Application-Customer Statement." On the basis of the fraudulent information contained within this form, and the presentation of the fraudulent driver's license, the loan was approved and Owen took custody of the motorcycle, which he transported from Rhode Island to Connecticut and turned over to WALKER.

<u>Victim M.P.</u>

21. An individual known here by initials M.P., whose identity is known to the Grand Jury, was a resident of Saddle River, New Jersey.

22. Prior to February 13, 2021, a coconspirator completed an online loan application with Roadrunner Financial Inc. under the name, address, birthdate, and social security number of M.P. to obtain approximately $40,375.70 for the purchase of a 2021 Can-Am Maverick XRS all-terrain vehicle ("ATV") from Diamond Motor Sports Inc. in Dover, Delaware ("Diamond Motor Sports").

23. On or about February 13, 2021, defendant PEREZ traveled to Diamond Motor Sports in Delaware in possession of a fraudulent driver's license containing the name, address, and birthdate of M.P., but bearing a photo of PEREZ. Once at Diamond Motor Sports, PEREZ completed and signed a bill of sale utilizing the personal identifying information of M.P. that set forth the financing terms of the loan with Roadrunner Financial, Inc. On the basis of the fraudulent

information contained within the original application, the bill of sale, and the presentation of the fraudulent driver's license in the name of M.P., the sale was approved and PEREZ took custody of the ATV.

### Victim A.Pa.

24. An individual known here by initials A.Pa., whose identity is known to the Grand Jury, was a resident of Clarksville, Maryland.

25. On or about April 2, 2021, a coconspirator completed an online loan application with Capital One Auto Finance under the name, address, birthdate, and social security number of A.Pa., to obtain approximately $41,131.97 for the purchase of a 2015 Dodge Charger SRT Hellcat from Sky Motor Cars in West Chester, Pennsylvania ("Sky Motor Cars").

26. On or about April 3, 2021, Owen traveled from Connecticut to Sky Motor Cars in Pennsylvania with PEREZ, in possession of (a) a fraudulent driver's license containing the name, address, and birthdate of A.Pa., but bearing a photo of Owen, that had been provided to him by WALKER, and (b) personal identifying information for A.Pa., including A.Pa.'s social security number, that WALKER had provided to Owen via Telegram, an encrypted electronic messaging application. Once at the dealership, Owen attempted to complete several forms using the personal identifying information of A.Pa., including a loan application and a retail installment sales contract, in order to induce Capital One Auto Finance to make a loan to A.Pa. for the purchase of the 2015 Dodge Charger SRT Hellcat. However, having determined that Owen was not in fact A.Pa., Sky Motor Cars refused the sale.

### Victim J.C.

27. An individual known here by initials J.C., whose identity is known to the Grand Jury, was a resident of Chevy Chase, Maryland.

28. On or about March 10, 2021, a coconspirator completed an online loan application with Performance Finance under the name, address, birthdate, and social security number of J.C., to obtain approximately $30,000.00 for the purchase of a 2020 Indian Chieftain Limited motorcycle from Indian Motorcycle of Monmouth in Neptune, New Jersey ("Indian Motorcycle").

29. On or about March 11, 2021, defendant PEREZ traveled from Connecticut to Indian Motorcycle in New Jersey in possession of a fraudulent driver's license containing the name, address, and birthdate of J.C., but bearing a photo of PEREZ. Once at Indian Motorsports, PEREZ completed numerous forms utilizing the personal identifying information of J.C., including a "Performance Finance Customer Credit Application." On the basis of the fraudulent information contained in the application forms, and the presentation of the fraudulent driver's license in the name of J.C., the loan was approved and PEREZ took custody of the motorcycle, which was transported from New Jersey to Connecticut and placed in the custody of WALKER.

## Victim A.Po.

30. An individual known here by initials A.Po., whose identity is known to the Grand Jury, was a resident of Rye Brook, New York.

31. On or about April 20, 2021, a coconspirator completed a loan application and submitted it to BCI Financial Corporation ("BCI Financial") under the name, address, birthdate, and social security number of A.Po., to obtain approximately $57,025.12 for the purchase of a 2018 Dodge Charger SRT Hellcat from Mike and Tony Auto Sales, Inc. in South Windsor, Connecticut ("Mike and Tony Auto Sales").

32. On or about April 21, 2021, Owen and Goff traveled to Mike and Tony Auto Sales in Connecticut while in possession of a fraudulent driver's license containing the name, address, and birthdate of A.Po., but bearing a photo of Goff that had been provided to them by WALKER.

Once at the dealership, Goff signed numerous forms containing the personal identifying information of A.Po., including loan application paperwork, a "BCI Designated Contract GAP Waiver Agreement," and a "Retail Purchase Order for Motor Vehicle." On the basis of the fraudulent information contained within the application forms, and the presentation of the fraudulent driver's license in the name of A.Po., the loan was approved, and Goff took custody of the vehicle, which he transported from the dealership in South Windsor, Connecticut to WALKER in Bridgeport, Connecticut, in exchange for cash.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH FOUR
(Wire Fraud)
(WALKER)

33. Paragraphs 1 through 32 are incorporated by reference.

34. On or about the dates listed below, in the District of Connecticut and elsewhere, for the purpose of executing the above-described wire fraud scheme, the defendants listed below knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain writings, signs, signals, pictures, and sounds, each of which is a separate count of this Indictment:

| Count | Defendant | Approx. Date | Use of Interstate Wire |
|---|---|---|---|
| 2 | WALKER | Sept. 3, 2020 | Electronic message from WALKER to Owen via Facebook Messenger providing the social security number of an identity theft victim with initials J.H. |
| 3 | WALKER | Sept. 15, 2020 | Electronic message from WALKER to Owen via Facebook Messenger requesting a coconspirator's height, weight, and eye color for the purpose of generating a fraudulent driver's license. |
| 4 | WALKER | April 2, 2021 | Electronic message from WALKER to Owen via Telegram containing the social security number and birthdate of identity theft victim A.Pa. |

10

All in violation of Title 18, United States Code, Section 1343.

## COUNTS FIVE THROUGH SEVEN
(Aggravated Identity Theft)
(WALKER and PEREZ)

35. Paragraphs 1 through 34 are incorporated by reference.

36. On or about the dates set forth below, in the District of Connecticut and elsewhere, the defendants listed below did knowingly and intentionally transfer, possess, and use, and aid and abet others to do the same, without lawful authority, a means of identification of another during and in relation to felony violations of provisions contained in Chapter 63 of Title 18, to wit, Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment:

| Count | Defendant(s)     | Approx. Date  | Means of Identification                                                       |
| ----- | ---------------- | ------------- | ----------------------------------------------------------------------------- |
| 5     | WALKER           | Dec. 23, 2020 | Name, address, and birthdate of identity theft victim S.C.                    |
| 6     | WALKER<br>PEREZ  | Mar. 11, 2021 | Name, address, and social security number of identity theft victim J.C.      |
| 7     | WALKER           | Apr. 3, 2021  | Name, address, and social security number of identity theft victim A.Pa.     |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNTS EIGHT AND NINE
(Interstate Transportation of a Stolen Motor Vehicle)
(WALKER and PEREZ)

37. Paragraphs 1 through 36 are incorporated by reference.

38. On or about the dates set forth below, the defendants listed below did unlawfully transport in interstate commerce, and aided and abetted each other and others to do the same, a stolen motor vehicle, between the State of Connecticut and elsewhere, knowing the same to have

been stolen, converted, and taken by fraud, the transportation on each date below constituting a separate count of this Indictment:

| Count | Defendants | Date | Vehicle | Transportation Route |
|---|---|---|---|---|
| 8 | WALKER | Nov. 20, 2020 | 2020 Harley-Davidson FLTRXS Road Glide Special fraudulently financed using the identity of identity theft victim W.C. | Connecticut to Rhode Island |
| 9 | WALKER PEREZ | Mar. 11, 2021 | 2020 Indian Chieftain Limited motorcycle fraudulently financed using the identity of identity theft victim J.C. | New Jersey to Connecticut |

All in violation of Title 18, United States Code, Sections 2312 and 2.

FORFEITURE ALLEGATION
(Conspiracy and Wire Fraud Offenses)

39.     Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, the defendants WALKER and PEREZ shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1349, 1344(2), and 1343, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including but not limited to the following vehicles, which constituted or were derived from proceeds traceable to the above violations:

    a.  2020 Harley Davidson Road Glide (VIN: 1HD1KTP1XLB675036)

    b.  2020 Harley Davidson Road Glide (VIN: 1HD1KTP121LB657677)

    c.  2018 Harley Davidson Road Glide (VIN: 1HD1KTC19JB634299)

    d.  2021 Can-Am Maverick SRS UTV (Serial No.: 3JBVXAV47MK0000632)

    e.  2016 Cadillac CTS-V (VIN: 1G6A15560G0180531)

  f.  2020 Indian Chieftain Ltd. Motorcycle (VIN: 56KTCABB3L3388959)

  g.  2018 Dodge Charger SRT Hellcat (VIN: 2C3CDXL90JH230031)

  h.  2021 Kawasaki Ninja ZX1400JMFNL Sport Bike (VIN: JKBZXNJ19MA013249)

40. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1), as incorporated by Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853; and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON

UNITED STATES OF AMERICA

*/s/ Vanessa Roberts Avery*
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Lauren C. Clark*
LAUREN C. CLARK
ASSISTANT UNITED STATES ATTORNEY

*/s/ Heather L. Cherry*
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY